# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRANK HOLT, et al.,

    Plaintiffs,

v.

MICHAEL F. GOLDEN, et al.,

    Defendants.

2:10-cv-02046-LDG-PAL

**ORDER REMANDING CASE TO STATE COURT**

Plaintiffs Frank Holt and Norman Hart filed this action in the Clark County District Court for the State of Nevada. Defendants subsequently removed the case to federal court (ECF No.1). Plaintiffs have now moved this Court for an order to remand this case to state court and for an award of attorneys' fees (ECF Nos. 10 Motion to Remand, 11 Response, 12 Reply). Defendants consent to Plaintiffs' request for remand, but object to Plaintiffs' request for attorneys' fees and costs.

**A. Plaintiffs' Motion to Remand**

"On a motion to remand, the removing defendant faces a strong presumption against removal and bears the burden of establishing that removal is proper." *Laughlin v. Midcountry Bank,* No. 3:10-CV-0294-LRH-VPC, 2010 U.S. Dist. LEXIS 7730, at *3 (D. Nev. July 2, 2010) (citing *Gaus v. Miles Inc.*, 940 F.2d 564, 566-67 (9th Cir. 1992) and *Sanchez v. Monumental Life Ins. Co.*, 102 F3.d 398, 403-04 (9th Cir. 1996)). Accordingly, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

In order to remove on the basis of diversity jurisdiction, complete diversity must exist between the litigants and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. In

addition, under the "forum defendant" rule, removal by a defendant on the basis of diversity alone is proper "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. §1441(b).

Because Smith & Wesson is a corporation, it is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendants do not deny that Smith & Wesson is a Nevada corporation and concede that remand of the action to state court is appropriate in light of the forum defendant rule. Therefore, pursuant to 28 U.S.C. §1447(c), remand is proper.

**B. Plaintiffs' Request for Attorneys' Fees**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. §1447(c). The Supreme Court has clarified the standard for awarding attorneys' fees on remand, holding that "[a]bsent unusual circumstances, courts may award attorneys' fees under 28 U.S.C. § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id*. at 140. Therefore, even when removal is improper under 28 U.S.C. §1441(b), the imposition of additional costs will not support a finding that the removal was unreasonable in the absence of evidence that the action was removed for the purpose of prolonging litigation or imposing costs. *See Paseo Colo. Holdings LLC v. Guseinov*, No. CV 10-06993 MMM (VBKx), 2010 U.S. Dist. LEXIS 126351, at *5-7 (C.D. Cal. Nov. 16, 2010).

1       Plaintiffs contend that at the time of removal Defendants were aware that the 28 U.S.C. §1441(b) was grounds for remand, and thus, by failing to stipulate to remand, that Defendants knowingly pursued an improper removal, imposing costs on both the Plaintiffs and the Court through needless motion practice. However, under well-settled Ninth Circuit law, the forum defendant rule is procedural, not jurisdictional. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). As such, the forum defendant rule does not automatically deprive a federal court of jurisdiction; it can be waived by a plaintiff. *Id.* at 942. When the rule applies, a plaintiff can either move to remand the case to state court within the 30-day limit imposed by 28 U.S.C. §1447(c), or allow the case to remain in federal court by doing nothing. *Id.* at 940. Thus, even when the forum defendant rule applies, it does not prohibit removal; it simply provides grounds for remand. *See id.* Consequently, Defendants had a legal basis for removing to federal court, and thus, the refusal to stipulate to a request to remand is not alone sufficient to demonstrate an intent to prolong litigation, impose additional costs, or any other unreasonable basis for removal. *See Martin,* 546 U.S. at 137 (holding that there is no presumption in favor of awarding fees when removal is improper); *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (holding that removal was not objectively unreasonable solely because the removing party's argument lacked merit); *Paseo Colo. Holdings LLC,* 2010 U.S. Dist. LEXIS 126351, at *5-7 (denying request to award attorneys' fees in the absence of evidence of an intent to increase costs). *But see Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (holding that a removal entirely without legal basis was unreasonable). Accordingly,

    THE COURT HEREBY ORDERS that Plaintiffs' motion to remand this case to state court (ECF No. 10) is GRANTED, but DENIED as to the request for attorneys' fees.

    DATED this ___9___ day of May, 2011.

_____
Lloyd D. George
Sr. U.S. District Judge

3